OPINION
{¶ 1} Defendant-appellant Jovan House appeals from his conviction and sentence, following a guilty plea, for Domestic Violence. House was sentenced to imprisonment for nine months. House contends that the trial court erred "by considering [his] relationship with probation authorities in his sentencing." We conclude that the trial court, in finding that House would not be amenable to an available community control sanction, appropriately considered his having tested positive for marijuana and cocaine during a pre-sentence investigation, along with other matters. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} House was indicted on one count of Domestic Violence. He ultimately pled no contest, was found guilty, and was sentenced to imprisonment for nine months. House appeals from his conviction and sentence.
 II {¶ 3} House's sole assignment of error is as follows:
 {¶ 4} "The Court Erred By Considering The Appellant's Relationship With Probation Authorities In His Sentencing."
 {¶ 5} House refers to the following colloquy at his sentencing hearing:
 {¶ 6} "JUDGE HUFFMAN: Mr. House, I've thoroughly read the Pre-Sentence Investigation, and I'm going to accept all the facts contained therein as true and incorporate the Pre-Sentence Investigation into the record.
 {¶ 7} "Sir, you have two prior felonies. One for Possession, which you appeared to have done about a year on?
 {¶ 8} "MR. HOUSE: Mandatory year.
 {¶ 9} "JUDGE HUFFMAN: Okay. And then you were on active Community Control when this offense was committed. And, in fact, you had been granted Community Control in October and this offense occurred about three weeks later.
 {¶ 10} "Actually you had a misdemeanor Domestic Violence and then a felony Domestic Violence. Your community control in 2001-CR-588 was terminated as incomplete because of your new offense.
 {¶ 11} "And what — what appears to be — well, what is troubling to me is that on July 24th when you knew you had to go in to the Probation Department for your Pre-Sentence Investigation, you had to know they were gonna test you. And you tested positive for marijuana and cocaine.
 {¶ 12} "MR. HOUSE: Tested pos — positive for . . .
 {¶ 13} "JUDGE HUFFMAN: Yeah. Yep. Yeah, you did. And you haven't taken seriously, not only your obligations under Community Control, you have a lengthy misdemeanor record. And no one seems to have got your attention on Community Control or the efforts that they've made to help you.
 {¶ 14} "So — and — and given your attitude, sir, that apparently showing up for Court isn't — isn't terribly important.
 {¶ 15} "MR. HOUSE: It's very . . .
 {¶ 16} "JUDGE HUFFMAN: What were . . .
 {¶ 17} "MR. HOUSE: . . . important.
 {¶ 18} "JUDGE HUFFMAN: . . . you arrested for when you were in jail?
 {¶ 19} "MR. HOUSE: Trespassing.
 {¶ 20} "JUDGE HUFFMAN: Outta what Court?
 {¶ 21} "MR. HOUSE: Uh . . . who was it? Pickrel.
 {¶ 22} "JUDGE HUFFMAN: Have you been sen — were you sentenced? You were in Piqua?
 {¶ 23} "MR. HOUSE: Huh-uh. Pickrel — Judge Pickrel.
 {¶ 24} "JUDGE HUFFMAN: Oh . . .
 {¶ 25} "MR. HOUSE: I think that's what it was.
 {¶ 26} "JUDGE HUFFMAN: . . . Pickrel.
 {¶ 27} "MR. HOUSE: At Dayton Municipal.
 {¶ 28} "JUDGE HUFFMAN: Okay. What'd he sentence you to?
 {¶ 29} "MR. HOUSE: Uh . . . he, uh . . . put — gave me thirty days on the shelf.
 {¶ 30} "JUDGE HUFFMAN: Well, sir, when considering the Purposes and Principles of sentence — Sentencing as set forth in Ohio Revised Code section 2929.11, and the Recidivism and Seriousness Factors set forth in Ohio Revised Code Section 2929.12, and — I find that the minimum sentence is not sufficient, that the minimum sentence would demean the seriousness of your conduct, and the shorter sentence would not adequately — adequately protect the public from future criminal offenses by you, I'm gonna sentence you to nine months in C.R.C."
 {¶ 31} House relies upon State v. Kitchen (May 9, 2002), Cuyahoga App. No. 79943, 2002-Ohio-2256, for the proposition that the trial court is not permitted to consider a defendant's relations with the probation department in sentencing. We have reviewed that opinion, and we conclude that it does not stand for that proposition. In State v. Kitchen, supra,
there was no indication that the defendant had previously served a prison term, or had committed the present offense while under a community control sanction, or that any other facts were present justifying a finding under sub-division (a) through (i) of R.C. 2929.13(B)(1). Therefore, a finding that the defendant in that case was not amenable to an available community control sanction, by itself, was not sufficient to justify the imposition of a prison sentence, at least pursuant to R.C.2929.13(B)(2)(a).
 {¶ 32} As the State points out, in the case before us, by contrast, House had previously served a prison term, and was under a community control sanction, when this offense was committed. Accordingly, R.C. 2929.13(B)(2)(a) required the trial court to impose a prison term if the trial court found that a prison term was consistent with the purposes and principles of sentencing set forth in R.C. 2929.11
and that House was not amenable to an available community control sanction. In making the latter finding, the trial court could appropriately consider the fact that House had tested positive for marijuana and cocaine when reporting to the probation department conducting the pre-sentence investigation. That fact, together with the fact that the offense for which House was being sentenced was committed while he was under a community control sanction, strongly suggests that he is not amenable to an available community control sanction. As the trial court noted on the record, a community control sanction had been tried, but it had not succeeded in persuading House to conform his conduct to the prohibitions of the criminal law.
 {¶ 33} House's sole assignment of error is overruled.
 III {¶ 34} House's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.